29 C.C.P.A. (Patents)

## In re BAUM.

### Patent Appeal No. 4550.

Court of Customs and Patent Appeals.
Dec. 1, 1941.

James T. Kline and George F. Smyth, both of Bridgeport, Conn., for appellant.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims—Nos. 2, 4, 6, and 9 to 12, inclusive—in appellant's application for a patent for an alleged invention relating to improvements in wearing apparel, particularly hosiery.

Claim 4 is illustrative of the appealed claims. It reads: "4. A stocking having a hollow hem formed at the upper end thereof; and an elastic member of circular cross-section disposed in the hem, the hem tightly fitting around the annular member whereby the hem is caused to roll with the annular member when the latter is rolled by movement of the flat of the hands thereover in the direction in which it is intended to be rolled."

The references are:

Hatfield, 1,059,869, April 22, 1913;
Powers, 1,603,923, October 19, 1926;
Frame, 1,728,859, September 17, 1929.

It is stated in appellant's application that the object of the alleged invention is to provide a stocking which can be readily rolled to the desired position on the leg of the wearer and which will remain in that position, and that that object has been accomplished "by securely fixing the upper end of the stocking to an annular member so that, upon rotation of the annular member along the leg, the stocking will readily roll."

The annular member referred to in the quoted excerpt from appellant's specification and called for by the appealed claims is a piece of elastic of the type sometimes used as garters worn around the leg or as sleeve holders. Appellant's stocking is provided at its upper end with a so-called

"hollow bead" or hem in which the annular member (the elastic garter) is securely and permanently positioned—"the hem snugly embracing" such "annular member to prevent relative movement therebetween."

The patent to Hatfield relates to an annular elastic garter for "socks and stockings." The patentee discloses a hollow bead or hem at the upper end of a sock in which her elastic garter is designed to be positioned. Nothing is said in the patent about using the elastic garter to roll the sock or stocking on the leg.

The patent to Powers relates to an emergency rubber overshoe designed to fit over the front portion of the shoe, and discloses an elongated or tube-like member composed of thin resilient material, such as rubber, closed at one end and open at the other. At its open and upper end, the overshoe, as stated by the patentee, has "a slightly enlarged thickened portion in the nature of a bead with which the wall is integral." The purpose of the bead is to facilitate the rolling of the overshoe on and off the shoe.

The patent to Frame relates to and discloses an annular elastic garter designed to be placed at the top portion of a stocking on the leg of the wearer. The patentee states that the stocking may be "rolled downward with the garter inside so that the garter will be concealed."

Appellant states in his application that—

"It has long been the fashion in hosiery to roll the top of the stocking down to the desired position, and secure it in this position. In order to have the stocking roll properly, it is necessary to manipulate with the fingers the upper edge to form a core upon which it can be rolled. This requires a great deal of time.

"Another method of performing the operation is to place a garter around the stocking and use this as a core [as disclosed in the patent to Frame], but here again it is necessary to manipulate the top of the stocking about the garter in order to start the rolling operation."

In his decision, the Primary Examiner stated, among other things, that the combined stocking and garter disclosed in the patent to Hatfield was "clearly capable" of being rolled to a desired position on the leg of the wearer, although, he stated, that as the garter in the Hatfield stocking was designed to be removed from the hem it would probably fit somewhat loosely therein; that, therefore, the Hatfield stocking could not be rolled as readily as appellant's; and that appellant's stocking differs from the Hatfield disclosure, so far as the issue here is concerned, only in that it is defined as having a "tight fit between the hem" and the annular garter member. The examiner further stated: "While the tight fit would probably result in a somewhat easier rolling action and although the Hatfield disclosure makes no mention of such use of his [her] structure, in view of the common use of beaded edges of articles as in Powers and cores such as that of Frame, to assist in the formation of rolls it is believed that what applicant has done does not amount to invention."

The Board of Appeals affirmed the decision of the Primary Examiner, and in its decision on a request by appellant for reconsideration of its original decision, said: "In affirming the examiner, our reliance was particularly on the Frame patent which shows a garter associated with the upper end of a stocking and designed to facilitate rolling thereof. As appellant has pointed out, *the use of this particular garter involves considerable hand manipulation to form what may be termed a temporary sheath for the garter. We are unable to see that the formation of a permanent sheath tightly embracing the garter is inventive, especially in view of Hatfield.* While it urged that the Hatfield hem engages the garter too loosely to facilitate rolling, we are not satisfied that such is the case as the connection is shown to be comparatively snug, at least as much so as it would be possible to produce by hand manipulation of the Frame arrangement." (Italics not quoted.)

It is contended here by counsel for appellant that, prior to appellant's contribution to the art, the rolling of stockings to the desired position "required considerable manipulation of the top of the stocking by the fingers, with the attendant danger of a roughened fingernail engaging a thread in the stocking and pulling the thread, thus damaging the stocking"; that each of the references would require modification in order to produce the structure defined by the appealed claims; that in the Hatfield disclosure it would be necessary to make the hem tightly embrace the garter, which, in all probability, would defeat the purpose of the patentee's invention; that, although the modification of the Hat-

field structure necessary to give it the rolling action to which appellant's stocking is particularly adapted was not great, nevertheless, as appellant's efforts are in a well-developed art, such modification constitutes a patentable advance in that art. In support of the latter contention, counsel call attention to the decision of the Circuit Court of Appeals, Third Circuit, in the case of Artcraft Silk Hosiery Mills, Inc., v. Gotham Silk Hosiery Co., Inc., 3 Cir., 72 F.2d 47. It is unnecessary that we here review the decision in that case, as it is elementary that small changes in a crowded art may constitute invention.

It should be understood in the consideration of the issue here involved that the elastic annular member or garter disclosed in appellant's application is not claimed to be novel. It is apparent, therefore, that, in order to secure the structure defined by the appealed claims and all of the advantages claimed for it, it was only necessary that appellant's annular member or garter (concededly old in the art) be placed in a snugly fitting position in the hem of the stocking disclosed in the Hatfield patent. Assuming, as claimed by appellant, that the prior method of manipulating a stocking in order to form a core upon which it could be rolled sometimes caused injury to the stocking, we think it would readily occur to one skilled in the art to so modify the stocking disclosed in the Hatfield patent as to obtain the structure claimed by appellant.

We have found it unnecessary to give consideration to the patent to Powers.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.